Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca.  94501
Tel: (510) 263-8664
Fax: (510) 272-9158

Attorney for Debtor
Mae Eddie Phillips

**United States Bankruptcy Court**

**Northern District of California**

| | |
|---|---|
| In re: | Case No.:  19-40887 |
| Mae Eddie Phillips | Chapter 13 |
| Debtor | **MOTION TO APPROVE THE SALE OF 5271-5273 LOCKSLEY AVENUE, OAKLAND, CA 94618** |
| | Date:      February 14, 2020<br>Time:      11:00 a.m.<br>Crtrm:    215 |

**INTRODUCITON**

Debtor requests the court authorize the sale of the debtor's interest in the real property located at 5271-5273 Locksley Avenue, Oakland, California 94618 ("Locksley") to NAMC Holdings, Jing Yi Construction for $1,100,000. (One Million One Hundred Thousand dollars)

**JURISDICTION AND VENUE**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought in this

Motion is §§ 1303, 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), as complemented by Rule 6004 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND OF THE CHAPTER 13 CASE

On April 16, 2019 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 13 of the Bankruptcy Code. The debtor has not confirmed a plan. The debtor's current plan calls for the sale of her property by December 14, 2019.

## THE PROPOSED SALE

NAMC Holdings, Jing Yi Construction has agreed to purchase the debtor's interest in Locksley. This property is the debtor's residence. In consideration, NAMC Holdings, Jing Yi Construction has offered to pay $1,100,000. The only known secured lien against the real property are: (a) a deed of trust in favor of U.S Bank, N.A. and (b) a judgment lien in favor of Ellen Vander Laan.

From the sale of the property, the debtor will pay off U.S. Bank, N.A. the sum of $406,676 and Ellen Vader Laan. The debtor will receive her homestead exemption of $175,000. The balance of the net proceeds in the approximate amount of $500,000 will be paid to the chapter 13 trustee. This amount is sufficient to pay off the debtor's bankruptcy.

As a condition of this transaction Cornerstone Title Company shall comply with and satisfy the escrow demand of Martha G. Bronitsky, Chapter 13 Trustee. If the Chapter 13 Trustee does not intend to submit a demand, she shall notify the escrow agent in writing. Per her demand, the Trustee shall be the disbursing agent on Proofs of Claim relating to this case, filed with the Clerk's Office of the Bankruptcy Court.

Escrow will be handled by First American Title 6232 LaSalle Avenue, Oakland, California, 94611. The escrow officer is Andrea Steiner, with email address of asteiner@firstam.com who can be reached at (510)285-2302 with fax number (866) 493-5436 and the escrow number is 0 107-6054891.

As the sale pays off this chapter 13 case, the buyer is purchasing locksley in good faith and for fair consideration and the sale of Locksley is in the best interests of the debtors' estate and its creditors.

## RELIEF REQUESTED

By this Motion, the Debtor seek entry of an order, pursuant to §363(b) of the Bankruptcy Code, authorizing and approving the sale of the debtor's interest in Locksley to NAMC Holdings, Jing Yi Construction for $1,100,000.

## APPLICABLE AUTHORITY/ BASIS FOR RELIEF REQUESTED

### 1. Sale of Estate Property Pursuant to Section 363(b)

The trustee, after notice and a hearing, may sell property of the estate. 11 U.S.C. § 363(b)(1); see also Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352 (1985). In chapter 13 cases, §1303 states: "the debtor shall have . . . the rights and powers of a trustee under sections 363(b). As such, the debtor has the right to sell Locksley.

The sale must be in the best interests of the estate and the price must be fair and reasonable. In re Canyon Partnership, 55 B.R. 520 (Bankr. S.D. Cal. 1985); see also In re Wilde Horse Enterprises, Inc., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991) (sale must have fair/reasonable price, accurate/reasonable notice to creditors and sale made in good faith). The trustee must articulate some "business justification" for selling estate property out of the "ordinary course of business" before the court may approve the transaction. In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983); In re Ernst Home Ctr., Inc., 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

Objections to sale that are based on inadequacy of price are often resolved the court ordering an auction, which may occur in open court. Simantrob v. Claims Prosecutor, LLC (In re Lahijani), 325 B.R. 282, 287 (9th Cir. BAP 2005) citing Fed. R. Bankr. P. 6004(f).1

From the sale of Locksley, the estate will receive $1,100,000 to be used to pay off the claims of U.S. Bank Trust, N.A and Ellen Vander Laan. After paying all liens and escrow

charges the debtor will receive her exemption amount of $175,000 and the balance of

approximately $500,000 will be submitted to the chapter 13 trustee.

Accordingly, in the exercise of her sound business judgment, the Debtor believes that the

sale of Locksley, is in the best interests of the Debtor, her estate and her creditors.

The Debtor has conducted an investigation of Locksley and has evaluated her options

regarding the sale. As a result, the Debtor believes that the proposed offer for Locksley as set

forth herein represents the best offer for the property.

WHEREFORE, the Debtor respectfully request entry of an order (a) authorizing the

Debtors to sell her interest in Locksley pursuant to the terms of the purchase agreement as set

forth herein, and (b) granting the Debtor such other and further relief as this Court may deem just

and proper.

Dated: February 7, 2020

/s/ Marc Voisenat
Marc Voisenat