Entered on Docket
February 21, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca. 94501
Tel: (510) 263-8664
Fax: (510) 272-9158
Email: Voisenat@gmail.com

Attorney for Debtor
Mae Eddie Phillips

The following constitutes the order of the Court.
Signed: February 21, 2020

_____
Charles Novack
U.S. Bankruptcy Judge

# United States Bankruptcy Court

# Northern District of California

In re:

Mae Eddie Phillips

    Debtor

Case No.: 19-40887

Chapter 13

**ORDER APPROVING THE SALE OF 5271-5273 LOCKSLEY AVENUE, OAKLAND, CA 94618**

Date:    February 14, 2020
Time:   11:00 a.m.
Crtrm:  215

    The Motion of Mae Eddie Phillips, (the "Debtor") of the above-captioned chapter 13 estate, for an order approving and authorizing the Debtor to sell the real property located at 5271-5273 Locksley Avenue, Oakland, CA 94618 ("Locksley") to NAMC Holdings, Jing Yi Construction for $1,100,000 came on for hearing at the above date and time.

    Appearances were stated on the record. The court having considered the pleadings filed and the oral argument of counsel hereby orders as follows:

    The motion to approve the sale of the 5271-5273 Locksley Avenue, Oakland, CA 94618 (the "Real Property") to NAMC Holdings, Jing Yi Construction for $1,100,000 is GRANTED.

    IT IS FURTHER ORDERED AS FOLLOWS:

1. The debtor is authorized to pay all necessary closing costs from the proceeds of sale of the Real Property; and

2. The terms of the sale are fair and reasonable and the sale between the Debtor and the Buyer was negotiated in an arm's length transaction without duress or coercion and the Buyer is purchasing the Real Property in good faith pursuant to 11 U.S.C. §363(m); and

3. The sale is in the best interest of the estate and a reasonable exercise of the debtor's business judgment and the debtor is authorized to execute any and all documents, and to take any and all reasonably necessary steps to conclude the sale; and

4. The debtor is authorized to pay the deed of trust of U.S. Bank, N.A. and Ellen Vander Laan pursuant to their payment demand.

5. The pre-petition portion of the U.S. Bank, N.A (pursuant to claim #2 or any subsequent amended claim) shall be paid through the Chapter 13 Plan ("Plan") via check exchange between the Trustee and the title company and the Trustee is entitled to fees pursuant to 28 U.S.C. §586(e).

6. The debtor is authorized to receive from the proceeds of sale, her homestead exemption in the amount of $175,000; and

7. The stay under Federal Rule of Bankruptcy Procedure Rule 6004(h) is waived; and

8. The debtor is authorized to execute any and all documents, and to take any and all reasonably necessary steps to conclude the sale; and

9. The Chapter 13 Trustee shall make a net proceeds demand into escrow which must be satisfied as a condition for closing.

10. The Chapter 13 Trustee shall be entitled to conduct check exchange and collect fees; and

11. The Chapter 13 Trustee shall be entitled to receive a certified final copy of the HUD-1.

*** END OF ORDER ***

**COURT SERVICE LIST**

None