

Marc Voisenat (CSB# 170935)
2329A Eagle Avenue
Alameda, Ca. 94501
Tel: (510) 263-8664
Fax: (510) 272-9158
Email: Voisenat@gmail.com

Attorney for Debtor
Mae Eddie Phillips

The following constitutes the order of the Court.
Signed: April 8, 2020

_____
**Charles Novack**
U.S. Bankruptcy Judge

# United States Bankruptcy Court

# Northern District of California

In re:

Mae Eddie Phillips

    Debtor

Case No.: 19-40887

Chapter 13

**ORDER APPROVING THE SALE OF 5271-5273 LOCKSLEY AVENUE, OAKLAND, CA 94618**

Date: March 31, 2020
Time: 1:30 p.m.
Crtrm: 215

    On the above date and time, the debtor made an Oral Motion for an order approving and authorizing the Debtor to sell the real property located at 5271-5273 Locksley Avenue, Oakland, CA 94618 ("Locksley") to Nima John Wedlake for $1,200,000.

    Appearances were stated on the record. The court having considered the record and the oral argument of counsel hereby orders as follows:

    The motion to approve the sale of the 5271-5273 Locksley Avenue, Oakland, CA 94618 (the "Real Property") to Nima John Wedlake for $1,200,000 is GRANTED.

    IT IS FURTHER ORDERED AS FOLLOWS:

1.     The debtor is authorized to pay all necessary closing costs from the proceeds of sale of

the Real Property; and

2. The terms of the sale are fair and reasonable and the sale between the Debtor and the Buyer was negotiated in an arm's length transaction without duress or coercion and the Buyer is purchasing the Real Property in good faith pursuant to 11 U.S.C. §363(m); and

3. The sale is in the best interest of the estate and a reasonable exercise of the debtor's business judgment and the debtor is authorized to execute any and all documents, and to take any and all reasonably necessary steps to conclude the sale; and

4. The debtor is authorized to pay the deed of trust of U.S. Bank, N.A. and Ellen Vander Laan pursuant to their payment demand.

5. The pre-petition portion of the U.S. Bank, N.A (pursuant to claim #2 or any subsequent amended claim) shall be paid through the Chapter 13 Plan ("Plan").

6. Pursuant to 28 U.S.C. §586 (e), the Chapter 13 Trustee is entitled to statutory fees for payment of impaired claims, including but not limited to U.S. Bank, N.A./SN Servicing Corporation (Claim No. 2-1).

7. The Debtor and Chapter 13 Trustee agree that the balance of impaired claim(s) listed above shall be paid by the escrow officer, who shall act as the disbursing agent on behalf of the Chapter 13 Trustee, and that the Chapter 13 Trustee is authorized to statutory fees upon such payment. For purposes of the confirmed plan, these distributions shall be considered "payments under the plan."

8. The Chapter 13 Trustee shall make a net proceeds demand into escrow which must be satisfied as a condition for closing.

9. In addition, the Chapter 13 Trustee is authorized to demand payment of all non-priority unsecured creditors, along with her statutorily approved fees, through escrow.

10. The title company must comply with any and all demands of the Chapter 13 Trustee (including, but not limited to production of documents related to the sale) as a condition of

escrow closing and shall send a copy of the Final Seller's Settlement Statement within seven days of closing.

11. The debtor is authorized to receive from the proceeds of sale, her homestead exemption in the amount of $175,000; and

12. The stay under Federal Rule of Bankruptcy Procedure Rule 6004(h) is waived; and

13. The debtor is authorized to execute any and all documents, and to take any and all reasonably necessary steps to conclude the sale; and

14. The Chapter 13 Trustee shall be entitled to receive a certified final copy of the HUD-1.

Approved as to Form:

/s/ Nima Ghazvini
Nima Ghazvini, Attorney for
Martha G. Bronitsky
Chapter 13 Trustee

*** END OF ORDER ***

**COURT SERVICE LIST**

None